IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YE XU,

                Plaintiff,

   v.

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN
SYSTEM,

                Defendant.

ORDER

16-cv-510-jdp

In this case, pro se plaintiff Ye Xu, a librarian at the University of Wisconsin-Madison, alleged that administrators at the University of Wisconsin System discriminated against her on the basis of her race and national origin by creating a classification of Taiwanese library materials separate from Chinese materials, over her objections. Xu contended that workplace conflict following the dispute was a manifestation of discrimination against her because she was born in mainland China. I granted summary judgment to defendant in a January 22, 2018 order. Dkt. 49.

Xu has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59, Dkt. 51, but the briefing is not yet complete. After receiving two extensions, Xu filed a motion to extend her deadline to file a reply brief for up to a year while she receives intensive medical treatment. *See* Dkt. 58. I sympathize with what Xu is going through and wish her a speedy recovery. In certain circumstances, medical treatment like the type Xu needs might be reason to stay a case for a long period of time. But long stays are the exception, not the rule, and Xu's proposed extension is not warranted here. There is nothing of substance necessitating a reply: defendant filed a very short response in which it say that it stands on its summary

judgment briefing. Also, I understand Xu's position from her brief-in-chief, and I conclude that it is meritless, so there is no reason to draw out the briefing any further.

A motion under Rule 59 succeeds only where the moving party establishes "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotation omitted). Xu's Rule 59 motion does not make either of these showings. She largely reiterates evidence she submitted at summary judgment, and she contends that I "missed the core issue Xu brought to the Court that is about equal treatment as a U.S. citizen rather than an alien." Dkt. 51, at 1. I am not persuaded that I misunderstood the nature of her discrimination claims when I described them as claims for discrimination and hostile work environment based on her race and national origin. Xu, a naturalized citizen, herself summarizes her claims by stating that she "asks that her employer respect her status as an American citizen rather than using her national origin as a basis for distrust and mistreatment in the employment context." *Id.* at 3.

Ultimately, nothing in her Rule 59 motion convinces me that I erred in concluding that her discrimination claims were meritless. She continues to contend that she was subjected to humiliating work conditions by having her name associated with the Taiwanese database, and that students believes that she is biased against China because of it. But as I explained in the summary judgment opinion, this court simply does not wade into bona fide business decisions like the library-classification decisions at issue here. And given her job as a university librarian, it is not surprising that she would have to deal with complaints from students. Xu also fails to show that I was incorrect on concluding that the reprimands she received were pretexts for

defendant's discrimination as opposed to legitimate disciplinary matters. Because Xu fails to meet her burden under Rule 59, I will deny her motion.

Given Xu's request for a year-long extension of her reply briefing deadline, I will construe that motion to include a request to extend the time for filing a notice of appeal. However, district courts may grant only short extensions of that deadline—in this case, a 30-day extension of her 30-day period to file the notice of appeal. I will grant that request, giving her 60 days from the entry of this order to file her notice of appeal. Any further requests regarding Xu's potential appeal will have to be addressed to the court of appeals.

ORDER

IT IS ORDERED that:

1. Plaintiff Ye Xu's motion for a further extension of time to file a reply brief in support of her motion to alter or amend the judgment, Dkt. 58, is DENIED.

2. Plaintiff's motion to alter or amend the judgment, Dkt. 51, is DENIED.

3. Plaintiff's motion for an extension of time to file her notice of appeal, Dkt. 58, is GRANTED. Plaintiff may have 60 days from the entry of this order to file her notice of appeal.

Entered July 25, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge